*239 OPINION.
Mellott:
Under the above facts, are the amounts paid to petitioner exempt from the payment of the Federal income tax?
Much has been written by the courts and by this Board upon the rather vexing question.involved herein. The rule is well settled and not difficult to understand, though its application has sometimes given difficulty.
Petitioner claims that he was an “ employee ” of a political subdivision of the state and that his services were rendered in connection with the exercise of an essential or usual governmental function. It is axiomatic that one claiming immunity from the imposition of a tax must bring himself clearly within the exemption. Has petitioner done so?
Under substantially similar facts we have frequently held that taxpayers were not entitled to immunity from the Federal income *240 tax. George H. Gabel, 25 B. T. A. 60; Charles M. Haft, 20 B. T. A. 431; Richard F. Burges, 25 B. T. A. 1191; Edwin, J. Raber, 20 B. T. A. 975; Walter G. Winne, 27 B. T. A. 369; Milo R. Maltbie, 31 B. T. A. 614; D. Frederick, Burnett, 31 B. T. A. 1092. The “ polestar ” which has guided us chiefly has been, the case of Metcalf & Eddy v. Mitchell, 269 U. S. 514. See also Helvering v. Powers, 293 U. S. 214; Lucas v. Reed, 281 U. S. 699; Commissioner v. Murphy, 70 Fed. (2d) 790; Burnet v. McDonough, 46 Fed. (2d) 944; and Haight v. Commissioner, 52 Fed. (2d) 779; certiorari denied, 285 U. S. 537.
Petitioner attempts to distinguish his case from Haight v. Commissioner, supra. In that case the court held the mere fact that the taxpayer was required to report to the general attorney from time to time as to what had been done did not “ show that the General Attorney exercised any detailed control as to what should be done, and how it should be done, which is essential to the relationship of employer and employee.”
Petitioner has not only failed to show any substantial difference between his case and that of the petitioner in the Haight case, but, under cross-examination, brought himself clearly within the rules enunciated, and the reasoning applied, in that case.
Q. As a matter of fact, your services were secured on account of your familiarity with the matters, were they not, and your special qualifications to handle them?
A. They told me that.
Q. As a matter of fact, it was for the benefit of your judgment and your discretion and your skill that the Sanitary District obtained your services.
A. They said that that was so.
Q. As a matter of fact, you did the same work that you previously did, did you not?
A. The same character of work, yes sir. And in addition other work.
The facts show that petitioner was not furnished office space, although the sanitary district maintained an office in Peoria, where the major portion of his work was being performed. He maintained his own private office and was free to engage, and did engage, in work other than rendering services to the sanitary district, for which he received sums equal to, or in excess of, those paid by the sanitary district. The sanitary district apparently was simply another client.
The record fails to show that the general attorney exercised any control whatever as to what should be done, how it should be done, or even when it should .be done. The only showing in that connection was, as testified by the petitioner, that he “ reported to the General Attorney from time to time.” That circumstance was not considered sufficient in the Haight case, supra, to establish the relationship of *241 employer and employee and we do not believe tliat it should be deemed sufficient in this case.
We hold that petitioner was not an employee of the sanitary district engaged in rendering services in connection with the exercise of an essential or usual governmental function, and that he is not entitled to immunity from the Federal income tax upon the sums received.
Reviewed by the Board.

Judgment will be entered for the respondent.